**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 288-1610**
minute_entries@phillipslaw.com

JOHN L. COLLINS
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
TREY DAYES
Arizona Bar No. 020805
treyd@phillipsdayeslaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| April Rue;<br><br>    Plaintiff,<br><br>  vs.<br><br>Hickman's Egg Ranch, Inc., a domestic corporation;<br><br>    Defendant. | Case No.: _____<br><br>**COMPLAINT**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

This is an action for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

### NATURE OF THE CASE

  1.  Plaintiff April Rue was discriminated against because of her gender in

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e, *et seq.* ("Title VII").

2.     In addition, Defendant discriminated against Plaintiff because of her disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA").

## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 28 U.S.C § 1331 and 42 U.S.C. § 2000e-5.

4.     All conditions precedent to jurisdiction under 42 U.S.C § 2000e-5 have been met. Specifically, Plaintiff timely filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII and of the ADA. Plaintiff received a notice of right to sue Defendant. She commenced this action within ninety (90) days after receiving the notice of right to sue.

5.     Defendant, by virtue of its own acts and omissions or by virtue of the acts and omissions of one or more of its agents, employees, or representatives, has conducted business or caused events to occur within the District of Arizona, and within Maricopa County, Arizona, giving rise to both subject matter and personal jurisdiction of this Court.

6.     Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

7.     Plaintiff April Rue is a woman residing in Maricopa County, Arizona.

8.      Defendant Hickman's Egg Ranch, Inc., is a corporation organized under the laws of the State of Arizona, having its principal place of business in the State of Arizona, and is subject to the jurisdiction of this Court.

9.      Defendant was Plaintiff's "employer" for all purposes including Title VII, within the meaning of 42 U.S.C. § 2000e(b), and the ADA, within the meaning of 42 U.S.C. § 12111(5).

## GENERAL ALLEGATIONS

10.     Defendant hired Plaintiff to work as its Accounting Clerk in March 2013.

11.     In April 2013, Plaintiff was injured in an automobile accident.

12.     Plaintiff's injuries, primarily to her ankle, did not prevent her from accomplishing any activities necessary with respect to her employment.

13.     For five days following her injury, Plaintiff fully and capably performed each and every task required of her without accommodation.

14.     On April 29, 2013, Defendant's Human Resources Manager instructed Plaintiff that she could not work with her injury because it was against Defendant's policies to allow any employee to work with any limitation.

15.     Plaintiff presented Defendant with a note from her physician indicating that, although she had limitations, she could fully perform each of her job duties and responsibilities.

16.     Despite having the note from Plaintiff's physician releasing her to work without accommodation, Defendant's Human Resources Manager again notifying Plaintiff that she could not be at work while she had limitations.

17.     Defendant placed Plaintiff on unpaid leave.

18.     Notwithstanding Defendant's policy, Plaintiff witnessed at least one male employee at work performing the functions of his job while using crutches.

**COUNT ONE**
**SEX DISCRIMINATION**
**(Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*)**

19.     Plaintiff incorporates and adopts paragraphs 1 through 18 above as if fully set forth herein.

20.     Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII as a result of the discriminatory and hostile work environment created by Defendant and its employees.

21.     Title VII provides that it is an unlawful employment practice for an employer:

> [T]o fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1).

22.     Title VII further provides, that it is an unlawful employment practice for an employer:

> [T]o limit, segregate or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(2).

23.    Plaintiff is a female and is a member of a protected class of individuals entitled to the protections of Title VII.

24.    Defendant has engaged in unlawful discrimination and unlawful employment practices prohibited by 42 U.S.C. §§ 2000e-2(a)(1), (2) including, but not limited to:

    a.  Treating Plaintiff less favorably than similarly situated male employees in the terms and conditions of her employment, including, but not limited to,  the selective enforcement of employment policies; and

    b.  Creating a hostile work environment because of Plaintiff's sex, which was severe or pervasive to an extent that it substantially altered the terms and conditions of her employment.

25.    Plaintiff's sex was the sole or motivating factor in Defendant's treatment of Plaintiff.

26.    Plaintiff was treated less favorably than her male co-workers.

27.    As a direct result of the hostile work environment, Plaintiff has suffered mental and emotional distress, pain and suffering, anger, depression, anxiety, humiliation, and embarrassment.

28.    Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay.

29.    Plaintiff has suffered damages and economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses, and monetary loss, as well as non-economic damages, all of which she is entitled to recover from Defendant plus pre-judgment interest, attorneys' fees, and costs.

30.    Defendant engaged in conduct in reckless indifference to Plaintiff's

federally protected rights, so Plaintiff is entitled to recover punitive damages.

31.     Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C., to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.


**COUNT TWO**
**RETALIATION**
**(Violation of Title VII, 42 U.S.C § 2000e-3(a))**

32.     Plaintiff incorporates and adopts paragraphs 1 through 31 above as if fully set forth herein.

33.     Title VII provides in pertinent part that:

> [I]t shall be an unlawful employment practice for an employer to discriminate against any of his employees… because he has opposed any practice made an unlawful employment practice by [Title VII] . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].

42 U.S.C § 2000e-3(a).

34.     Plaintiff has opposed practices made unlawful by Title VII or has participated in activities protected by Title VII and is entitled to the protection of Title VII for those activities, including, but not limited to, filing with the EEOC a charge of discrimination.

35.     After Plaintiff engaged in activity prohibited by Title VII, such as making a charge of discrimination, Defendant retaliated against her and engaged in other unlawful employment practices prohibited by 42 U.S.C. §§ 2000e-3(a), including, but not limited to, one or more of the following acts or omissions:

a.  Treating Plaintiff less favorably than similarly situated employees of different religious backgrounds and gender in the terms and conditions of her employment, including, but not limited to, creating and permitting a severe or pervasive hostile work environment solely because of Plaintiff's gender and disability; and

b.  Evaluating Plaintiff using a more rigorous or arbitrary standard.

36.     Defendant retaliated against Plaintiff after she made complaints regarding the discriminatory work environment.

37.     As a direct result of her complaint of unlawful discrimination, Plaintiff has been subjected to a more rigorous and arbitrary standard of performance evaluation, has been given offensive workplace assignments, and was suspended without pay.

38.     As a direct result of the retaliatory action by Defendant, Plaintiff has suffered damage to her career, mental and emotional stress, pain and suffering, anger, depression, anxiety, humiliation and embarrassment.

39.     By virtue of one or all of the foregoing violations of Title VII as alleged above, Plaintiff has suffered damages and economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages, all of which she is entitled to recover from Defendant plus pre-judgment interest, attorneys' fees and costs.

40.     Defendant engaged in conduct in reckless indifference to Plaintiff's federally protected rights, so Plaintiff is entitled to recover punitive damages.

41.     Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C., to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

1

2

3

**COUNT THREE**
**DISABILITY DISCRIMINATION**
**(Violation of the ADA, 42 U.S.C. §§ 12112, 12116, 12203)**

4

5      42.     Plaintiff incorporates and adopts paragraphs 1 through 41 above as if fully

6      set forth herein.

7      43.     The ADA prohibits employers from discriminating against employees on

8      the basis of a disability, whether "in regard to job application procedures, the hiring,

9      advancement, or discharge of employees, employee compensation, job training, and other

10     terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

11     44.     Plaintiff is a "qualified individual" and an "employee" under the ADA, as

12     defined by 42 U.S.C. § 12111(4), (8).

13     45.     Defendant is a "covered entity" and an "employer" under the ADA, as

14     defined by 42 U.S.C. § 12111(2), (5).

15     46.     Defendant discriminated against Plaintiff on the basis of a disability, or a

16     perceived disability, contrary to the provisions of 42 U.S.C. § 12112(a).

17     47.     Defendant failed to offer or to provide Plaintiff with reasonable

18     accommodations sufficient to allow Plaintiff to perform the necessary job functions.

19     48.     As a result of Defendant's conduct, Plaintiff is entitled to collect wages,

20     employment benefits, and pension benefits denied or lost, interest on this amount,

21     liquidated damages equal to the lost compensation, wages, and benefits, including her

22     back pay damages, pain and suffering for Defendant's retaliation, and Plaintiff's

23     reasonable attorneys' fees and costs. Plaintiff also is entitled to reinstatement or, in lieu

24     thereof, front pay and other appropriate equitable relief, as well as all other remedies

25     available under the ADA.

49.     Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C., to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

**DAMAGES**

50.     As a direct and proximate result of the breach of Plaintiff's rights in each of the above mentioned claims for relief, Plaintiff sustained and continues to sustain economic and non-economic injuries, including, but not limited to, loss of income, benefits, mental anguish and emotional distress. Plaintiff is entitled to compensation for the harm and damages resulting from the Defendant's unlawful acts.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, and against Defendant, as follows:

A.  Awarding Plaintiff damages for her back pay, front pay, lost compensation and benefits, and other relief to be determined by the trier of fact;

B.  Awarding Plaintiff economic and non-economic damages in an amount to be determined by the trier of fact;

C.  Awarding Plaintiff special, incidental, and consequential damages in an amount to be determined by the trier of fact;

D.  Awarding Plaintiff punitive and exemplary damages in an amount to be determined by the trier of fact;

E.  Awarding Plaintiff pre-judgment and post-judgment interest;

F.  Awarding Plaintiff attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988, 2000e-5(k), and 29 U.S.C. § 2617(3); and

G.  Awarding Plaintiff such other and further relief as the Court deems just and

equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: April 23, 2014

Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

/s/ John L. Collins
John L. Collins
Arizona Bar No. 030351
Email: johnc@phillipsdayeslaw.com
Attorney for Plaintiff