WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| April Rue,<br><br>            Plaintiff,<br><br>v.<br><br>Hickman's Egg Ranch Incorporated,<br><br>            Defendant. | No. CV-14-00867-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion for Summary Judgment by Defendant Hickman's Egg Ranch Incorporated ("Hickman's"). (Doc. 41.) Also pending is the Motion for Partial Summary Judgment by Plaintiff April Rue. (Doc. 43.) For the following reasons, the Court grants Defendant's motion and denies Plaintiff's motion.

## BACKGROUND

On March 28, 2013, Hickman's hired Rue to work in the accounting department. On Monday, April 15, two weeks after starting her new job, Rue fractured her right ankle in a car accident. Rue provided her supervisor a note from West Valley Hospital stating "No work until follow up w/ ortho" and requested time off. (Doc. 42-1 at PDF 60.) Hickman's gave Rue the requested time off.

On April 18, Rue came to work and used a wheelchair. The parties dispute whether she was able to perform the non-sedentary aspects of her work. Following her return to work, she frequently arrived late and occasionally left early.[1] Rue provided her

---

[1] Rue was also frequently late during her two weeks of employment before she was injured but was never disciplined for her tardiness. She testified that after her injury, her

supervisor with a note dated April 25 from a physician's assistant at Maricopa Integrated Health System that read, "It is my medical opinion that April Rue may return to sedentary work and must remain non-weight bearing to her right leg." (Doc. 42-1 at PDF 62.) Hickman's placed Rue on unpaid leave of absence until she was able to perform in her position without restrictions. Rue went on unpaid leave and never indicated to Hickman's that she could return to work. Rue alleges that Hickman's "effectively terminated" her and seeks relief under the Americans with Disabilities Act. (Doc. 48 at 8.)

**DISCUSSION**

**I.   Legal Standard**

The Court grants summary judgment when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court views the evidence "in a light most favorable to the non-moving party." *Warren v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995). Where the parties have filed cross-motions for summary judgment, the Court "evaluate[s] each motion independently, 'giving the nonmoving party in each instance the benefit of all reasonable inferences.'" *Lenz v. Universal Music Corp.*, 2015 WL 5315388, at *2 (9th Cir. Sept. 14, 2015) (quoting *ACLU v. City of Las Vegas,* 333 F.3d 1092, 1097 (9th Cir.2003)). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Brinson v. Linda Rose Joint Venture*,

---

supervisor permitted her to arrive late.

1  53 F.3d 1044, 1049 (9th Cir. 1995).  Substantive law determines which facts are material,
2  and "[o]nly disputes over facts that might affect the outcome of the suit under the
3  governing law will properly preclude the entry of summary judgment." *Anderson v.*
4  *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "A fact issue is genuine 'if the evidence is
5  such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v.*
6  *Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S.
7  at 248).  Thus, the nonmoving party must show that the genuine factual issues "can be
8  resolved only by a finder of fact because they may reasonably be resolved in favor of
9  either party."  *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818
10 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250).

**II.     Analysis**

"To state a prima facie case under the ADA, a plaintiff must prove that he is a qualified individual with a disability who suffered an adverse employment action because of his disability." *Sanders v. Arneson Products, Inc.*, 91 F.3d 1351, 1353 (9th Cir. 1996). The threshold question is whether the plaintiff's "impairment is a 'disability,' as that term is used in the ADA." *Id.* at 1354.

"Disability" as used in the ADA is defined as: "**(A)** a physical or mental impairment that substantially limits one or more major life activities of such individual; **(B)** a record of such an impairment; or **(C)** being regarded as having such an impairment." 42 U.S.C. § 12102(1). The non-exhaustive list of "major life activities" includes "walking," "standing," and "working." *Id.* § 12102(2)(A).

**A.     "Substantially Limits"**

"An impairment is a disability within the meaning of [the ADA] if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii). Congress provided that "[t]he term 'substantially limits' shall be construed broadly in favor of expansive coverage" and that "[a]n impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered

substantially limiting." *Id.* § 1630.2(j)(1)(i)-(ii). "Nonetheless, not every impairment will constitute a disability." *Id.* § 1630.2(j)(1)(ii). "The determination of whether an impairment substantially limits a major life activity requires an individualized assessment." *Id.* § 1630.2(j)(1)(iv).

"[I]n deciding whether the impairment is substantially limiting, courts must consider the nature and severity of the plaintiff's impairment, the duration or expected duration of the impairment, as well as the permanent or long term impact of the impairment." *Rohr v. Salt River Project Agric. Imp. & Power Dist.*, 555 F.3d 850, 858 (9th Cir. 2009) (internal quotations omitted). "The effects of an impairment lasting or expected to last fewer than six months can be substantially limiting." 29 C.F.R. § 1630.2(j)(1)(iv). "At the same time, the duration of an impairment is one factor that is relevant in determining whether the impairment substantially limits a major life activity. Impairments that last only for a short period of time are typically not covered, although they may be covered if sufficiently severe." *Id.* § Pt. 1630, App. "[T]emporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities. Such impairments may include, but are not limited to, *broken limbs, sprained joints*, concussions, appendicitis, and influenza." *Sanders*, 91 F.3d at 1354 (quoting 29 CFR Part 1630 App., § 1630.2(j)) (emphasis added).

Here, Rue declared that as of August 28, 2015 (the date of her Declaration), she was "still unable to stand or walk for more than thirty minutes of time before the pain in [her] ankle . . . requires [her] to rest" and was "still receiving on-going pain management treatment for the pain." (Doc. 47-2 at ¶ 3-4.) "At the summary judgment stage, . . . 'a plaintiff's testimony may suffice to establish a genuine issue of material fact.'" *Rohr*, 555 F.3d at 858-59 (quoting *Head v. Glacier Northwest Inc.,* 413 F.3d 1053, 1058 (9th Cir. 2005)). "However, to survive summary judgment, an affidavit supporting the existence of a disability must not be merely self-serving and must contain sufficient detail to convey the existence of an impairment." *Id.* Rue provides no information about the intensity of her pain, the amount of time she must rest, what kind of pain management

treatment she is receiving, or from whom.

The record of treatment includes an initial consultation on April 24, 2013, a follow up appointment two weeks later on May 6, and a second follow up appointment a month later on June 5. (Doc. 47-6.) Test results indicated "progressive healing." (*Id.* at MIHS 000016, PDF 14; MIHS 000020, PDF 18.) Rue provides no record of any treatment after June 5, 2013, which was less than two months after her injury.

Rue conceded during her deposition on June 29, 2015 that she can walk and bear weight on her right leg now, and that she no longer uses crutches or a wheelchair and no longer has the cart she used to prop her right leg on. (Doc. 47-1 at p. 67, PDF 11.) She claims, however, that she is not "at 100%." (*Id.* at p. 70, PDF 13.) Rue also conceded that no doctor has ever suggested that she is disabled, although her doctor told her she could not run a marathon, wear high heels, or go out dancing. (Doc. 47, Exh. 4 at p. 100, PDF 47.)

Neither the nature nor the severity of Rue's broken ankle suggests that she is disabled. The record establishes treatment for less than two months, her records demonstrate progressive healing, and she currently has no medical restrictions from walking, standing, or working. Rue's broken ankle is a "non-chronic impairment[] of short duration, with little or no long term or permanent impact" that does not substantially limit any major life activities as contemplated by the ADA. *Sanders*, 91 F.3d at 1354.

Furthermore, Rue was not "regarded as having such an impairment" by Hickman's. 42 U.S.C. § 12102(1)(C). The "regarded as" prong of the disability definition does not apply to "transitory and minor" impairments. *Id.* § 12102(3)(B). "A transitory impairment is an impairment with an actual or expected duration of 6 months or less." *Id.* A broken ankle is a relatively minor impairment that is expected to heal within six months. Moreover, the record indicates that Rue's ankle was healing progressively during her two months of treatment and that she no longer sought treatment after two months.

"[A] temporary injury with minimal residual effects cannot be the basis for a sustainable claim under the ADA."  Because Rue did not have an impairment that substantially limited one or more major life activities, nor was she regarded as having such an impairment, Rue fails to establish that she had a "disability" under the ADA. Summary judgment is therefore appropriate.

## CONCLUSION

Rue's broken ankle was not a "disability" as that term is used in the ADA, and therefore she fails to state a prima facie case under the ADA.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 41) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Doc. 43) is **DENIED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 12th day of February, 2016.

_____
Honorable G. Murray Snow
United States District Judge